UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YI HUA ZHOU, individually and on behalf all other
employees similarly situated,

Plaintiff,

- against -

EPCOT REALTY, LLC, ABC CORP. d/b/a PROSPECT
MANAGEMENT, KUO CHIANG CHANG, MICHAEL
CHANG, JENNIFER CHANG or "DOE" (last name
unknown), and MAYOR "DOE" (last name unknown)

Defendants.

Case No.

**COLLECTIVE ACTION
COMPLAINT AND JURY
TRIAL DEMAND**

Plaintiff YI HUA ZHOU ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants EPCOT REALTY LLC, ABC CORP. d/b/a PROSPECT MANAGEMENT, KUO CHIANG CHANG, MICHAEL CHANG, JENNIFER CHANG or "DOE" (last name unknown), and MAYOR "DOE" (last name unknown) (collectively "Defendants"), alleges and shows the Court the following:

<strong><u>INTRODUCTION</u></strong>

1.     This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.    Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) reimbursement for expenses relating to tools of the trade, (4) liquidated damages, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

4.    Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.    This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants Epcot Realty LLC and ABC Corp. d/b/a/ Prospect Management maintain a place of business located at 199 Lee Avenue # 162, Brooklyn, New York 11211, and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

**PLAINTIFF**

7.      Plaintiff Yi Hua Zhou is a resident of Queens, New York and was employed by Epcot Realty LLC and ABC Corp. d/b/a/ Prospect Management as a superintendent from 1997 until August 1, 2016.

**DEFENDANTS**

8.      Upon information and belief, Defendant, Epcot Realty LLC owns and operates a seventy-five unit apartment building located at 134-05 Cherry Avenue, Queens, NY 11355.

9.      Upon information and belief, Defendant, Epcot Realty LLC has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Epcot Realty LLC purchased and handled goods moved in interstate commerce.

10.      Upon information and belief, Defendant Kuo Chiang Chang is the owner, officer, director and/or managing agent of Epcot Realty LLC at 134-05 Cherry Avenue, Queens, NY 11355 and participated in the day-to-day operations of Epcot Realty LLC and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Epcot Realty LLC.

11.      Upon information and belief, Defendant Kuo Chiang Chang owns the stock of Epcot Realty LLC and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

12.      Upon information and belief, Defendant Michael Chang is the owner, officer, director and/or managing agent of Epcot Realty LLC at 134-05 Cherry Avenue, Queens, NY 11355 and participated in the day-to-day operations of Epcot Realty LLC and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated

thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Epcot Realty LLC.

13.     Upon information and belief, Defendant Michael Chang owns the stock of Epcot Realty LLC and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

14.     Upon information and belief, Defendant Jennifer Chang or "Doe" (last name unknown) is the owner, officer, director and/or managing agent of Epcot Realty LLC at 134-05 Cherry Avenue, Queens, NY 11355 and participated in the day-to-day operations of Epcot Realty LLC and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Epcot Realty LLC.

15.     Upon information and belief, Defendant Jennifer Chang or "Doe" (last name unknown) owns the stock of Epcot Realty LLC and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

16.     Upon information and belief, Defendant Mayor "Doe" (last name unknown) is the owner, officer, director and/or managing agent of Epcot Realty LLC at 134-05 Cherry Avenue, Queens, NY 11355 and participated in the day-to-day operations of Epcot Realty LLC and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Epcot Realty LLC.

17.     Upon information and belief, Defendant Mayor "Doe" (last name unknown) owns the stock of Epcot Realty LLC and manages and makes all business decisions including but not

limited to the amount in salary the employee will receive and the number of hours employees will work.

18.     Upon information and belief, Defendant, ABC Corp. d/b/a Prospect Management owns and operates a seventy-five unit apartment building located at 134-05 Cherry Avenue, Queens, NY 11355.

19.     Upon information and belief, Defendant, ABC Corp. d/b/a Prospect Management has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, ABC Corp. d/b/a/ Prospect Management purchased and handled goods moved in interstate commerce.

20.     Upon information and belief, Defendant Kuo Chiang Chang is the owner, officer, director and/or managing agent of ABC Corp. d/b/a/ Prospect Management at 134-05 Cherry Avenue, Queens, NY 11355 and participated in the day-to-day operations of ABC Corp. d/b/a Prospect Management and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with ABC Corp d/b/a Prospect Management.

21.     Upon information and belief, Defendant Kuo Chiang Chang owns the stock of ABC Corp. d/b/a Prospect Management and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

22.     Upon information and belief, Defendant Michael Chang is the owner, officer, director and/or managing agent of ABC Corp. d/b/a/ Prospect Management at 134-05 Cherry Avenue, Queens, NY 11355 and participated in the day-to-day operations of ABC Corp. d/b/a

Prospect Management and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with ABC Corp d/b/a Prospect Management.

23.      Upon information and belief, Defendant Michael Chang owns the stock of ABC Corp. d/b/a Prospect Management and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

24.      Upon information and belief, Defendant Jennifer Chang or "Doe" (last name unknown) is the owner, officer, director and/or managing agent of ABC Corp. d/b/a/ Prospect Management at 134-05 Cherry Avenue, Queens, NY 11355 and participated in the day-to-day operations of ABC Corp. d/b/a Prospect Management and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with ABC Corp d/b/a Prospect Management.

25.      Upon information and belief, Defendant Jennifer Chang or "Doe" (last name unknown) owns the stock of ABC Corp. d/b/a Prospect Management and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

26.      Upon information and belief, Defendant Mayor "Doe" (last name unknown) is the owner, officer, director and/or managing agent of ABC Corp. d/b/a/ Prospect Management at 134-05 Cherry Avenue, Queens, NY 11355 and participated in the day-to-day operations of ABC Corp. d/b/a Prospect Management and acted intentionally and maliciously and is an employer pursuant

to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with ABC Corp d/b/a Prospect Management.

27.     Upon information and belief, Defendant Mayor "Doe" (last name unknown) owns the stock of ABC Corp. d/b/a Prospect Management and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

28.     At all times relevant herein, Epcot Realty LLC was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

29.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Epcot Realty LLC.

30.     At all times relevant herein, ABC Corp. d/b/a Prospect Management was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

31.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by ABC Corp. d/b/a Prospect Management.

32.     Upon information and belief, at all times relevant to this action, Corporate Defendants do or did business as joint employers and concurrently engaged employees to work for their Queens location, and share substantially the same management and control over their real estate businesses.

33.     The Individual Defendants are the officers, directors, managers and/or majority shareholders or owners of the Defendants Epcot Realty LLC, and/or ABC Corp. d/b/a Prospect Management and are individually responsible for unpaid wages.

34.     In either case, Corporate Defendants are jointly and severally liable to minimum wages and overtime compensation owed to Plaintiff and similarly situated employees.

35.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages, overtime compensation and spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

36.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

37.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

38.     Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

39.     From 1997 to August 1, 2016, Plaintiff was hired by Defendants to work as a superintendent for Defendants' seventy-five (75) unit apartment building located at 134-05 Cherry Avenue, Queens, NY 11355.

40.     Plaintiff was responsible for work including but not limited to, doing repair work, buying supplies, overseeing the parking lot, handling the trash, collecting rent, cleaning, and maintaining the general orderly appearance of Defendants' property.

41.     Plaintiff's general hours of work were from 7 a.m. until 2:30 a.m. with a two hour break from around 7:00 p.m. until 9:00 p.m. from Mondays through Saturdays.  Plaintiff worked from 5:00 p.m. until 1:30 a.m. on Sundays. However, Plaintiff was on-call twenty-four hours and seven days each week in order to assist tenants and defendants with any needs that may arise.

Plaintiff responded to an average of four to five emergencies per month, totaling approximately one to one-and-a-half hours per emergency. Plaintiffs worked at least one hundred and sixteen (116) hours most weeks.

*42.*     From July 2010 to July 2011, Plaintiff worked seven days per week, totaling approximately one hundred and sixteen (116) hours. He was paid a flat weekly flat rate of $650 during this period of time. This calculates to $5.60 per hour which is well below the legally required minimum wage rate.

43.     From July 2011 to July 2012, Plaintiff worked seven days per week, totaling approximately one hundred and sixteen (116) hours. He was paid a flat weekly flat rate of $750 during this period of time. This calculates to $6.46 per hour which is well below the legally required minimum wage rate.

44.     From July 2012 to July 2013, Plaintiff worked seven days per week, totaling approximately one hundred and sixteen (116) hours. He was paid a flat weekly flat rate of $850 during this period of time.

45.     From July 2013 to July 2014, Plaintiff worked seven days per week, totaling approximately one hundred and sixteen (116) hours. He was paid a flat weekly flat rate of $950 during this period of time.

46.     From July 2014 to July 2015, Plaintiff worked seven days per week, totaling approximately one hundred and sixteen (116) hours. He was paid a flat weekly flat rate of $1,050 during this period of time.

47.     From July 2015 to August 1, 2016, Plaintiff worked seven days per week, totaling approximately one hundred and sixteen (116) hours. He was paid a flat weekly flat rate of $1,100 during this period of time.

48.     Plaintiff was not required to utilize any means of recording or verifying their hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

49.     Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

50.     Defendants did not provide Plaintiffs with a wage notices at the time of their hiring.

51.     Defendants did not compensate Plaintiff for minimum wage or overtime compensation according to state and federal laws.

52.     The applicable minimum wage for the period of October 2010 to December 30, 2013 is $7.25 per hour.

53.     The applicable minimum wage for the period of December 31, 2013 to December 30, 2014 is $8.00 per hour.

54.     The applicable minimum wage for the period of December 31, 2014 to December 30, 2015 is $8.75 per hour.

55.     The applicable minimum wage for the period of December 31, 2015 to the present is $9.00 per hour.

56.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

57.     Defendants knew that the nonpayment of minimum wages, overtime and the "spread of hours" premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

58.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

59.     Plaintiff and the Collective Members' workdays frequently lasted longer than 10 hours.

60.     Defendants did not pay Plaintiff and other Collective members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

61.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

62.     Defendants did not provide Plaintiff and other Collective members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective members' pay increase(s).

63.     Under the FLSA, the Plaintiffs are entitled to a credit for expenses for tools of trade.

64.     The governing test regarding the "tools of the trade"  is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

65.     Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to do repairs in Defendants' building. Specifically, Plaintiff was required to purchase two automobiles, together totaling approximately $50,000, and to spend on car insurance for each car, in order to perform his work as a superintendent.

66.     Defendants committed the foregoing acts against the Plaintiff, and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

67.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

68.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

69.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

70.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their building located at 134-05 Cherry Avenue, Queens, NY 11355 for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

71.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are

presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

72.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

73.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

74.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

75.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds

generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

76.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

77.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

78.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

80.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

81.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

82.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

83.     At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

84.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

85.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory

minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage]

86.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.     At all relevant times, plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

88.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

89.     Defendants knowingly and willfully violated Plaintiff' and Collective Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

90.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

92.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

93.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

94.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

95.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

96.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

97.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

98.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.      Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

100.     Defendants' failure to pay Plaintiff his overtime pay violated the NYLL.

101.     Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Time Pay]

102.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

103.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

104.     Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

105.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

106.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including

tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

107.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

108.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

109.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement]

110.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

112.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

113.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VIII
**[Violation of the Fair Labor Standards Act —Failure Reimburse for Expenses relating to Tools of the Trade]**

114.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

115.     At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to perform his work for Defendants.

116.     Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade, that is, Plaintiff was required to spend approximately $50,000 on two automobiles, in addition to insurance payments per month on each automobile.

117.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

## **Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a)     Authorizing plaintiff at the earliest possible time to give notice of this collective

action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)    An injunction against Epcot Realty LLC and ABC Corp. d/b/a Prospect Management, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)    An award of unpaid wages and minimum wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

g)    An award of unpaid overtime wages due under FLSA and New York Labor Law;

h)   An award of unpaid "spread of hours" premium due under the New York Labor Law;

i)   An award of damages for Defendants' failure to provide wage notice at the time of hiring, and regular paystubs as required under the New York Labor Law.

j)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

k)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)   The cost and disbursements of this action;

n)   An award of prejudgment and post-judgment fees;

o)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4);

p.)   That the Court find Defendants have, in the alternative, breached an implied contract with Plaintiff by unfairly exploiting Plaintiff's labor, and breached an implied contract with Plaintiff by unfairly exploiting his generosity in extending the Employee Loan;

q.)   That, in the alternative, Defendants be ordered to pay restitution to Plaintiff for their breaches of implied contract and unjust enrichment at Plaintiff's expense; and

p)   Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

## **<u>JURY TRIAL DEMAND</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York, October 10, 2016       HANG & ASSOCIATES, PLLC.

         /S/ JIAN HANG
         Jian Hang, Esq.
         136-18 39th Ave., Suite 1003
         Flushing, New York 11354
         Tel: 718.353.8588
         jhang@hanglaw.com
         Attorneys for Plaintiff